UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AUREL SMITH,

                         Plaintiff,

      vs.                                          9:07-CV-1150
                                                          (NAM)(GJD)

DALE ARTUS, Superintendent, Clinton Correctional
Facility and LINDA TURNER, Deputy Superintendent,
Clinton Correctional Facility,

                         Defendants.
_____

APPEARANCES:

Aurel Smith
02-A-6279
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *pro se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

     The Clerk has sent to the Court a civil rights complaint and amended complaint, both submitted for filing by plaintiff Aurel Smith.[1]  Dkt. Nos. 1, 6.  The amended complaint was filed as of right pursuant to Rule 15.1(a) of the Federal Rules of Civil Procedure.[2]  Dkt. Nos. 1, 2.  Plaintiff has also filed an application to proceed *in forma pauperis*, as well as motions to appoint counsel and for injunctive relief.  Dkt. Nos. 2, 4, 5.  Plaintiff is currently incarcerated at Upstate Correctional Facility.

---

      [1] The Court will first review the amended complaint which, if accepted for filing, would supercede and replace plaintiff's original complaint.

      [2] Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served."

**I.     Amended Complaint**

In his *pro se* amended complaint, plaintiff alleges that defendants have denied plaintiff the right to freely practice his religion in violation of his constitutional rights. Dkt. No. 6. For a more complete statement of plaintiff's claims, reference is made to the entire amended complaint.

**II.    *In Forma Pauperis* Application**

As to plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that plaintiff may properly proceed with this matter *in forma pauperis*.

**III.   Appointment of counsel**

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits, *i.e.*, "whether the indigent's position was likely to be of substance." *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). Indigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit. *Id.*

This action was only recently commenced. The defendants have not yet responded to the allegations contained in plaintiff's amended complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's amended complaint wherein he states the facts surrounding his claim. Where a plaintiff does not provide a

2

court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

In light of the foregoing, the Court denies plaintiff's motion for appointment of counsel without prejudice. After the defendants have responded to the allegations in plaintiff's amended complaint, he may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.

**IV.     Injunctive Relief**

In support of his motion for injunctive relief, plaintiff alleges that defendants have denied plaintiff, a Muslim, the right to "pray [his] Salatt (prayers)" in the recreation yard. Dkt. No. 5 at 3-4. Plaintiff asks the Court for an Order "enjoining the defendant, their successors in office, and agents and employees ... from preventing and prohibiting Muslim prisoners' Salatt (Islamic-prayer) while at recreation in the recreation yard." *Id*. at 1.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

It is, however, settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility. *Prins v. Coughlin, 76 F.3d 504* (2d Cir. 1996) (citing *Young v. Coughlin,* 866 F.2d 567, 568 n. 1 (2d Cir. 1989); *Beyah v. Coughlin,* 789 F.2d 986, 988 (2d Cir. 1986)). When plaintiff filed this action, he was incarcerated at Clinton Correctional Facility and all of the allegations of wrongdoing against the defendants occurred, if at all, at Clinton. All of the defendants are employed at Clinton. Plaintiff has advised the Court that he has been moved to Upstate Correctional Facility. Dkt. No. 8. Accordingly, to the extent plaintiff's motion for injunctive relief is directed against the alleged wrongdoing by Clinton defendants, it must be denied as moot. *See Candelaria v. Coughlin*, 787 F.Supp. 368, 378 (S.D.N.Y.1992); *Malik v. Tanner*, 1988 WL 25239 (S.D.N.Y. Feb. 29, 1988) (both holding that requests for injunctive relief by inmates were moot where the injunctive relief requested related to conditions or treatment at a facility out of which the inmate had been transferred).

Accordingly, plaintiff's request for injunctive relief is denied.

WHEREFORE, it is hereby

ORDERED that plaintiff's *in forma pauperis* application is **GRANTED**.[3] The Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order, and it is further

ORDERED that the Clerk provide the Superintendent of the facility, designated by plaintiff as

---

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

his current location, with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office in Utica, New York, and it is further

ORDERED that a response to plaintiff's amended complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the defendants, and it is further

ORDERED that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED** without prejudice to renew at some future time for the reasons stated above, and it is further

ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 5) is **DENIED**, and it is further

ORDERED that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **<u>Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.</u>**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as

required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do this will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED

Date:  December 6, 2007

Norman A. Mordue
Chief United States District Court Judge