UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Aurel Smith,**

**Plaintiff,**

**-v-** **9:07-CV-1150 (NAM/ATB)**

**Dale Artus, Linda Turner, Brian Fischer, Kenneth Perlman, Mark Leonard, Norman Bezio, R. Rock, Karen LaPolt, Cheryl Morris, Jeff McKoy, and Anthony Annucci,**

**Defendants**.

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Hughes Hubbard and Reed LLP
Karen L. Goldberg, Esq., of counsel
1 Battery Park Plaza
New York, New York 10004
Attorney for Plaintiff

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Christopher W. Hall, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## BACKGROUND

In his *pro se* amended complaint (Dkt. No. 6) and supplemental complaint (Dkt. No. 38), plaintiff, a Muslim inmate in the custody of New York Department of Corrections and Community Supervision ("DOCCS"), claimed that he was wrongfully prohibited from engaging in demonstrative prayer in the prison yard during his designated recreation period while incarcerated in Clinton Correctional Facility ("Clinton") between September 2005 and September

2007, and at Great Meadow Correctional Facility ("Great Meadow") between February 25, 2008 and July 18, 2008.[1] He further claimed that he was wrongfully denied the opportunity to attend congregate prayer services while confined in the Special Housing Unit ("SHU") at Upstate Correctional Facility ("Upstate") from November 7, 2007 to February 22, 2008. The amended and supplemental complaints asserted causes of action under 42 U.S.C. § 1983 ("section 1983") alleging infringement of plaintiff's constitutional rights under the Free Exercise and Establishment Clauses of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment.[2] The pleadings also asserted claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*., and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb-4, as well as state law claims. The amended complaint named Dale Artus and Linda Turner as defendants. The supplemental complaint added defendants Brian Fischer, Kenneth Perlman, Mark Leonard,

[1] Because the supplemental complaint is undated, and because it alleges ongoing violations, the Court treats it as covering all events occurring prior to July 18, 2008, the date the Court received plaintiff's motion for leave to supplement the amended complaint, with the proposed supplemental complaint attached (Dkt. No. 30).

[2] Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Supreme Court has explained that "[t]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Section 1983 does not itself create enforceable rights; rather, it provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394 (citation omitted).

Norman Bezio, Rick Woods, R. Rock, and Karen LaPolt.[3] In the amended complaint, plaintiff requested monetary, declaratory, and injunctive relief; in the supplemental complaint, he requested only monetary relief.

Defendants moved (Dkt. No. 87) for summary judgment. In response, plaintiff moved (Dkt. No. 93) to withdraw all claims under the Establishment Clause, the Equal Protection Clause, RFRA, and state law, and sought summary judgment in his favor on the remaining claims. Plaintiff also moved (Dkt. Nos. 105, 109) for injunctive relief. In its Memorandum-Decision and Order dated September 30, 2010 (Dkt. No. 112), this Court ruled on the motions as follows: dismissed with prejudice plaintiff's claims under the Establishment Clause, the Equal Protection Clause, RFRA, and state law; granted summary judgment dismissing on the merits all claims based on plaintiff's inability to attend congregate services while he was confined to the SHU at Upstate; held that although summary judgment was not warranted on the merits of the Free Exercise and RLUIPA claims regarding demonstrative prayer in the recreation yard, qualified immunity barred plaintiff from recovering money damages on these claims; granted summary judgment dismissing the personal capacity claims against defendants Fischer and Leonard on the ground of lack of personal involvement; dismissed plaintiff's claims for equitable relief regarding demonstrative prayer in the recreation yard on the ground of mootness, because plaintiff was no longer housed at Clinton or Upstate; and denied the injunction motions.

On April 2, 2012, the Second Circuit dismissed plaintiff's appeal in part, finding that the following challenges to this Court's order lacked arguable bases in law or fact: (1) plaintiff's

[3] Rick Woods was named in the supplemental complaint, but is not named in the second amended complaint. Therefore, Woods is not now a defendant.

challenge to the dismissal of his claims for money damages arising out of events occurring while he was incarcerated at Clinton and Great Meadow; and (2) his challenge to dismissal of his claims based on his inability to attend congregate religious services while incarcerated in the SHU at Upstate. The Second Circuit also appointed counsel for plaintiff and directed counsel to present argument as to the following: (1) whether this Court erred in finding that prison transfers mooted plaintiff's claims for injunctive and declaratory relief arising out of his experiences at Clinton and Great Meadow; and (2) whether this Court erred in dismissing plaintiff's state law claims with prejudice.

On April 4, 2013, the Second Circuit vacated this Court's judgment insofar as it granted summary judgment dismissing as moot plaintiff's claims for declaratory and injunctive relief related to engaging in demonstrative prayer in prison recreation yards under the Free Exercise Clause and RLUIPA. *Smith v. Artus*, 522 Fed.Appx. 82 (2d Cir. 2013). The Circuit Court wrote:

> The District Court held that Smith's transfer to a new prison facility rendered moot his claims for injunctive and declaratory relief under the First Amendment and RLUIPA based on his former prison facility's prohibition against performing demonstrative prayer in the prison recreation yard. On appeal, Smith argues, and the defendants-appellees agree, that these claims are not moot because (1) Smith is similarly not allowed to engage in demonstrative prayer at Attica Correctional Facility, where he is currently incarcerated, and (2) there is a statewide policy banning inmate demonstrative prayer in prison recreation yards during recreation time. In light of this new information, which we recognize was not made available to the District Court, Smith's injunctive and declaratory relief claims are clearly not moot.

*Id.* at 84 (citation omitted). The Second Circuit noted:

> In a previous order dated April 2, 2012, this Court dismissed portions of Smith's appeal relating to his claims for money damages under federal law and his inability to attend congregate religious services while incarcerated in the Special Housing Unit of Upstate Correctional Facility. The portions of the District Court decision addressing those issues remain undisturbed by this order.

*Id.* at 84, n.1. The Second Circuit also vacated this Court's dismissal with prejudice of plaintiff's state law claims, and remanded with instructions to permit plaintiff to renew his request for dismissal of his state law claims without prejudice or to withdraw his request to dismiss those claims. *Id.*

On August 16, 2013, through counsel, plaintiff filed a second amended complaint (Dkt. No. 137). Currently before this Court are two motions directed to the second amended complaint: plaintiff's motion to withdraw his state law claims without prejudice (Dkt. No. 139); and defendants' motion to dismiss the personal capacity claims against them and to limit the relief requested (Dkt. No. 144). Defendants do not object to dismissal without prejudice of plaintiff's state law claims, and plaintiff's motion is granted. Plaintiff agrees to dismissal of all claims against defendant Norman Bezio, DOCCS Director of Special Housing (Dkt. No. 146, p.3, n.1). As for defendants' dismissal motion, the Court grants it in part and denies it in part, as explained below.

**DISCUSSION**

In the second amended complaint (Dkt. No. 137), filed on August 16, 2013, plaintiff claims that at various times beginning in September 2005, he was wrongfully denied his right to engage in demonstrative prayer in the recreation yard. He sets forth three causes of action: a RLUIPA claim; a Free Exercise claim under section 1983; and an Equal Protection claim under section 1983. He requests declaratory, injunctive, and monetary relief. Defendants seek dismissal of all claims against them in their personal capacities on the grounds of law of the case and lack of personal involvement.

Defendants first argue that the second amended complaint's personal capacity claims

against the defendants who had been named in the amended and supplemental complaints should be dismissed by operation of the law of the case doctrine. The law of the case doctrine, or mandate rule, as relevant here, "requires a trial court to follow an appellate court's previous ruling on an issue in the same case." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). As noted, the Second Circuit left undisturbed this Court's decision insofar as it dismissed on qualified immunity grounds the personal capacity claims asserted against the defendants in the amended and supplemental complaints.[4] Thus, the Second Circuit effectively upheld this Court's ruling that, at the time of the conduct alleged in the amended and supplemental complaints, the right to engage in demonstrative prayer in prison recreation yards was not clearly established. Under the law of the case doctrine, this ruling must be applied to all personal capacity claims asserted in the second amended complaint alleging denial of the right to engage in demonstrative prayer in the yards, insofar as those claims are based on events occurring during the time period alleged in the amended and supplemental complaints. The question of whether the rights in issue became clearly established at some time after the conduct alleged in the amended and supplemental complaints remains open. Therefore, plaintiff may still assert in the second amended complaint personal capacity claims based on events occurring subsequent to those alleged in the amended and supplemental complaints. Under the circumstances alleged in the

[4] A government official enjoys a qualified immunity from suit when he or she performs a discretionary function if either (1) the conduct did not violate clearly established rights of which a reasonable person would have known, or (2) it was objectively reasonable to believe that the conduct did not violate clearly established rights. *See McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 278 (2d Cir. 1999). A right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that what he or she is doing violates that right. *See id.* Qualified immunity may apply in suits for money damages under 42 U.S.C. § 1983 and RLUIPA. *See Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006); *Holland v. Goord*, 2013 WL 3148324, *10 (W.D.N.Y. Jun. 19, 2013). It does not, however, bar claims for equitable relief. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009); *Holland*, 2013 WL 3148324 at *10.

second amended complaint, the claims against the defendants newly added in the second amended complaint – Cheryl Morris, Jeff McKoy, and Anthony Annucci – are also subject to partial dismissal based on the law of the case, *i.e.*, that the right to engage in demonstrative prayer in prison recreation yards was not clearly established as of July 18, 2008. Thus, the law of the case doctrine establishes that all defendants are protected by qualified immunity from personal capacity claims alleging denial of the right to engage in demonstrative prayer in the yards, insofar as those claims are based on events occurring prior to July 18, 2008.

The Second Circuit decision also left undisturbed this Court's dismissal of the personal capacity claims against defendants Fischer and Leonard on the ground of lack of personal involvement. Again, this ruling applies only to the events occurring during the time period which is the subject of the amended and supplemental complaints. Application of the law of the case doctrine means that personal capacity claims against Fischer and Leonard based on events occurring prior to July 18, 2008 are barred due to lack of personal involvement, as well as qualified immunity.

Defendants also ask the Court to limit plaintiff's claims to those stemming from events occurring after the September 30, 2010 summary judgment decision. As explained above, the Court limits plaintiff's claims only to the extent of limiting the personal capacity claims to those based on events occurring after July 18, 2008.

Finally, defendants contend that the personal capacity claims against the three new defendants, Cheryl Morris, Jeff McKoy, and Anthony Annucci, should be dismissed for lack of personal involvement. Proof of a defendant's personal involvement in a constitutional violation is a prerequisite to an award of damages under section 1983, and the fact that a defendant holds a

supervisory position is insufficient to support section 1983 liability absent such proof. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Personal involvement of a supervisory defendant may be established by evidence that he or she directly participated in the alleged constitutional violation; failed to remedy the wrong upon being informed of the violation; created a policy or custom which permitted the alleged constitutional violation to occur; was grossly negligent in supervising subordinates who committed the allegedly wrongful acts; or exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). The second amended complaint claims that defendants created and maintained a statewide policy which permitted the alleged constitutional violation to occur.[5] The Court finds that the second amended complaint adequately alleges personal involvement of all defendants. As stated above, all such claims are limited in time to events occurring after July 18, 2008.

Accordingly, the Court grants defendants' dismissal motion to the extent of dismissing all personal capacity claims that are based on events occurring prior to July 18, 2008. The motion is otherwise denied.

**CONCLUSION**

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 139) to dismiss his state law claims without prejudice is granted; and it is further

ORDERED that all claims against defendant Norman Bezio are dismissed; and it is further

[5] Indeed, as the Second Circuit noted on the appeal herein, defendants agreed that "there is a statewide policy banning inmate demonstrative prayer in prison recreation yards during recreation time." *Smith*, 522 Fed.Appx. at 84.

ORDERED that Rick Woods is not now a defendant, and the Clerk's Office is directed to terminate him as a party on the docket; and it is further

ORDERED that defendants' motion (Dkt. No. 144) for partial dismissal of the second amended complaint (Dkt. No. 137) is granted to the extent of dismissing all personal capacity claims alleging denial of the right to engage in demonstrative prayer in the yards, insofar as those claims are based on events occurring prior to July 18, 2008, and otherwise denied.

IT IS SO ORDERED.

Date: November 8, 2013
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge