UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
P.O. BOX 7336
100 SOUTH CLINTON STREET
SYRACUSE, NEW YORK 13261-7336

Lawrence K. Baerman {315} 234-8573 Writer's Direct
  Clerk

January 5, 2016

Re:     Smith v. Artus et al
Case No.: 9:2007-CV-1150

    A Decision on the Motion for Summary Judgment was filed on December 22, 2015, therefore, this case now deemed Trial Ready. Bench Trial in the above-named action is set as follows:

    Bench Trial: Monday, March 14, 2016, at 9:00 a.m. in Syracuse, NY.

    All pretrial submissions (See attachment A) including any motion(s) *in limine* must be filed on or before **February 29, 2016.** Response to the motion(s) *in limine* are due **February 7, 2016.** When preparing the witness list, **YOU MUST PROVIDE A BRIEF SUMMARY OF THE TESTIMONY THAT EACH WITNESS IS EXPECTED TO OFFER AT TRIAL.**

    Also, please prepare one exhibit notebook for the Judge, and one for the opposing party(s). The notebooks should contain copies of all exhibits that you intend to publish and that are stipulated to by counsel. Copies of all exhibits that you anticipate will be admitted into evidence during the course of the trial, should be prepared to be added to each exhibit notebook upon the admission. These notebooks should be brought to Court on the first day of trial.

    Counsel are also directed to e-mail the the exhibit list in a text format (i.e., WordPerfect or Word, but not .pdf format) to Judi L. McNicholas, Courtroom Deputy to Judge Mordue at: Judi_McNicholas@nynd.uscourts.gov.

    In the event that the parties would like to consent to a Magistrate for trial in this action, attached is a consent to proceed before the Magistrate form. If all parties are in agreement to proceed before a magistrate for trial, please have all attorneys sign the form, and send the original signed form to me at the above address.

    The letter request (Dkt. No. 182) to hold a pre-trial conference is denied. Further, if the parties feel a settlement conference is warranted, they should electronically file a letter request to Magistrate Judge Baxter to schedule and hold a settlement conference.

    Please mark your calendars accordingly.

                                  Sincerely,

                                  Norman A. Mordue
                                  Senior U.S. District Judge

# UNITED STATES DISTRICT COURT
**Northern District of New York**

| | |
|---|---|
| Smith | NOTICE, CONSENT, AND ORDER OF REFERENCE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE |
| **vs.** | Case Number: 9:07-CV-1150, NAM/ATB |
| Artus, et al | |

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C.§636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| Plaintiffs, | | |
| Defendants, | | |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to <u>Andrew T. Baxter</u>, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

| | |
|---|---|
| Date | Hon. Norman A. Mordue, Senior United States District Judge |

NOTE: RETURN THIS FOR TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# ATTACHMENT A

**(1)** **PRETRIAL SUBMISSIONS:**

**(A)** **Non-Jury Trials:** Two weeks before the Trial date or on any other date set by the Court, counsel shall electronically file the following documents with the Clerk's Office, *with a copy served upon opposing counsel*:

- Joint Pretrial Stipulation (*see* Subparagraph (C) below);
- Proposed Findings of Fact and Conclusions of Law;
- Witness List (*see* Subparagraph (D)(i) below);
- Exhibit Lists (*see* Subparagraph (E)(i) below);
- Trial Brief concerning evidentiary issues (*see* Subparagraph (H) below);
- All Deposition transcripts in dispute (including video-taped depositions) to be used at trial (*see* Subparagraph (G) below); and
- Motions in Limine (*see* Subparagraph (F) below).

**(B)** **Joint Pretrial Stipulations**: A joint pretrial stipulation subscribed by counsel for all parties shall be electronically filed with the Clerk's Office, and shall contain:

**(i)** The basis of federal jurisdiction;

**(ii)** A list of all exhibits that can be stipulated into evidence or that will be offered without objection as to foundation; and

**(iii)** Relevant (1) facts not in dispute, (2) facts in dispute, and (3) issues of law to be considered and applied by the Court.

**(C)** **Witnesses:**

**(i)** Two weeks before the Trial date or on any other date set by the Court, counsel shall electronically file with the Clerk's Office, with a copy to opposing counsel, the following information regarding the witnesses that may be called to testify at trial other than solely for impeachment purposes.

**(a)** The name and address (city, state) of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony to be offered by each witness.

**(b)** The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

**(ii)** **The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.** In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial date by written or video-taped deposition for possible use at trial.

**(D)** **Exhibits:**

(i) Exhibit Lists: Counsel shall electronically file with the Clerk's Office, with a copy to opposing counsel, an exhibit list on the form prescribed by the Court. Counsel are to supply the exhibit number and exhibit description. The remaining boxes shall be left blank for the Courtroom Deputy.

(ii) All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be marked for identification in the manner prescribed below and must be assembled in **BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below. Counsel shall provide two **separate** binders with a complete set of exhibits **for the Clerk and for the Court on the first day of trial**, and one binder to each opposing counsel.

**NOTE**: **During the course of trial, the Courtroom Deputy shall take charge of exhibits which are <u>received into evidence.</u> At the conclusion of the trial, the Courtroom Deputy will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal. Videotaped deposition transcripts viewed at trial shall be filed with the Clerk's office and made a part of the record and counsel is responsible for providing an additional copy of the transcript to the Courtroom Deputy.**

(iii) Exhibit Markers: Counsel shall fill in the appropriate markers leaving the "Date entered" and "Deputy Clerk" lines blank. All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government.

Plaintiff's exhibits should be denoted as: P-l, P-2, P-3, etc.
Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc.
Government's exhibits should be denoted as: G-l, G-2, G-3, etc. In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical

identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit. If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit. Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit (P-l, P-2, etc. or D-l, D-2, etc.).

**(E)** **<u>Motions In Limine:</u>** Two weeks before the Trial date or on any other date set by the Court, counsel shall electronically file with the Clerk's Office, with a copy to opposing counsel, any motions *in limine*, citing the applicable rules of evidence and case law. Counsel shall file any response to a Motion In Limine no later than **three days** before the Final Pretrial Conference date. **<u>MOTIONS IN LIMINE MAY NOT OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT.</u>**

**(F)** **<u>Depositions:</u>** All deposition transcripts and video-taped depositions to be used at trial shall be brought to court on the day of trial. Not less than four weeks prior to the trial date, each party shall indicate to the opposing party the portion of the video deposition to be offered. To the extent possible, objections are to be resolved between the parties. **<u>Two weeks before the Trial date or on any other date set by the Court</u>**, counsel shall forward to the Judge's chambers any portions of a deposition transcript intended to be used in trial **that are in dispute** (including video-taped depositions) for a ruling prior to Trial. **The parties must provide an edited version of any VHS tape or DVD to be shown to the jury at trial deleting any portions ruled inadmissible by the Court.** The Court does not have the capability to start and stop a video during trial to edit certain portions of the VHS tape or DVD. All deposition transcripts, including videotaped depositions, that are not in dispute shall be brought to Court on the first day of trial. Counsel shall provide the Court with an additional copy of the "redacted" transcript of all video deposition testimony which is put into evidence at trial and shall be made a part of the record for filing with the Clerk's office. **Counsel must confirm with the Court that the DVD format is compatible with the Courtroom equipment prior to the first day of trial.**

**(G)** **<u>Trial Briefs:</u>** Two weeks before the Trial date or on any other date set by the Court, counsel shall electronically file with the Clerk's Office, with a copy to opposing counsel, a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law. Trial briefs should also include any evidentiary issues that are expected to arise.

**(H)** **<u>Courtroom Technology:</u>** Two weeks before the Trial date or on any other

date set by the Court, if the parties intend to utilize the courtroom equipment at the time of trial, counsel are directed to contact the Courtroom Deputy **prior** to the trial date to make arrangements for training and testing such equipment. Please keep in mind that the Court does not provide a person to run the equipment during trial. The courtroom is supplied with a VHS/DVD combination unit, visual evidence presenter, VGA connections for laptops (no internet), and interpreter/hearing impaired headsets. All non-proprietary DVD's (*i.e*., .avi, .mp3, .mp4 and .wmv) should be compatible with the Court's DVD player, however, **prior** to the trial date, counsel must confirm such compatibility for use at the time of trial. If any portion of the DVD/VHS tape should be redacted, it is the responsibility of counsel to provide a redacted copy for use at trial. Counsel may be **required** to utilize the visual presenter to publish exhibits to the jury. The visual evidence presenter will allow counsel to display documents, photos, objects, x-rays, and electronic presentations on monitors placed throughout the courtroom and in the jury box with touch screen monitors at the podium and witness stand. Laptop connections are available at the podium and at all counsel tables (no internet). Please note that audio cables are not available and counsel should provide their own, if necessary. If you are presenting evidence through a Macintosh laptop, a video convertor/adaptor is required and must be supplied by counsel. In the event counsel's equipment is not compatible with the courtroom's equipment, the Court is not responsible for supplying additional electronic parts to remedy this. **Two weeks prior to the trial date**, counsel may request that the Court reporter provide a live realtime transcript or an end of the day transcript. **There is a charge for these services and financial arrangements should be made ahead of time with the Court reporter**. If parties choose to use live realtime transcripting, the following is required: 1) litigation support hardware (i.e. LiveNote, Bridge, Caseview); hardware (i.e. if laptop does not have a serial port, a USB to serial adaptor is required). Additional courtroom technology information may be obtained on the court's webpage: http://www.nynd.uscourts.gov/Courtroom_Technology.htm.